NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAN MARASEK & JOAN BYRON-MARASEK,<br><br>Appellants,<br><br>v.<br><br>WILENTZ, GOLDMAN & SPITZER, and NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION<br><br>Appellees. | Civil Action No.:<br>11-3869 (PGS)<br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court on the informal applications of *pro se* appellants Jan Marasek and Joan Byron-Marasek ("Appellants") for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1).[1]  For the reasons stated below, the application for *pro bono* counsel is denied.

So far, Appellants have filed nineteen (19) appeals from the Bankruptcy Court, and according to Appellant there are more appeals to come.

At a conference last week, the Court reviewed the status of the nineteen appeals, and the reason for naming two appellees.  The two appellees are the law firm of Wilentz, Goldman & Spitzer (Wilentz) and the New Jersey Department of Environmental Protection (NJ DEP). Wilentz is a creditor for legal services provided to the Maraseks, and who the Maraseks claim

---

[1] Civil Action No. 11-3869 incorporates Appellants' eighteen pending appeals from Bankruptcy Case No. 08-30919.  To the extent Appellants applied for *pro bono* counsel in any of their eighteen appeals, those applications are consolidated into this matter.

colluded with Maraseks' prior lawyer (David Kasen, Esq.) to undermine their interest in the bankruptcy proceeding. NJ DEP is an Appellee because it has a judgment against the Maraseks for the cost of removing and relocating tigers from their property in Jackson, New Jersey to Texas. The Maraseks indicate that the funds should not be paid because the owner of the Texas facility is conducting its business illegally, and accordingly, NJ DEP performed its work negligently.

As the status conference proceeded, it became apparent that there was only one final order appealed out of the 19 appeals filed and the remaining appeals concerned interlocutory orders. The final order converted Appellant's case from a Chapter 13 to a Chapter 7. The Court reviewed that matter in its consideration of appointing *pro bono* counsel.

## I. Background

On October 27, 2008, Appellants filed a voluntary joint petition for relief pursuant to Chapter 13 of Title 11 of the United States Code. [Docket Entry No. 1].[2] On November 25, 2008, Appellants filed a Chapter 13 plan. [Docket Entry No. 14]. On July 9, 2009, the Bankruptcy Court entered an Order confirming the Chapter 13 plan and requiring that all allowed claims be paid in full. [Docket Entry No. 54]. Pursuant to the Chapter 13 plan and confirmation order (the "Confirmed Plan"), Appellants were required to sell or refinance the real property commonly known as 463 Monmouth Road, Jackson New Jersey (the "Property") by no later than June 9, 2011. *Id.* As of March 23, 2009, Appellants' realtor valued the Property at somewhere between $3.4 and $3.8 million. [Docket Entry No. 67-2].

---

[2] The document referenced herein refer to the numbers assigned to documents filed on the Bankruptcy Court's docket, In re Marasek, Case No. 08-30919 (MBK).

The Maraseks undertook their defense *pro se* after their attorney David Kasen withdrew. Kasen withdrew because Appellants alleged that Kasen contravened their interest by agreeing to a Chapter 13 plan that includes a promise to either sell or refinance the Property in order to repay Appellants' creditors on their allowed claims. *Id.* at 10-11. Appellants contend that they never agreed to such terms. *Id.* at 10. From Kasen's agreement to the Confirmed Plan, Maraseks allege that Kasen colluded with the creditors, specifically Wilentz.[3] *Id*. at 10-25. In response to Appellants' allegations, Wilentz argues that the Maraseks are merely trying to reopen an issue foreclosed by the Confirmed Plan. Wilentz's Second Opposition Brief, at 5-7. Additionally, Wilentz notes that their claim for unpaid legal fees is a judgment in the Superior Court of New Jersey entered on June 25, 2004, years before Appellants filed their bankruptcy petition. *Id.* at 6. At the August 9, 2011 motion hearing, the Bankruptcy Court stated that, in light of the Confirmed Plan, Appellants' claims against Wilentz were barred under the doctrine of *res judicata*. [Docket Entry No. 208].

Appellants' bankruptcy case was converted from a Chapter 13 bankruptcy to a Chapter 7 bankruptcy by order of the Bankruptcy Court on July 1, 2011. [Docket Entry No. 126]. The Bankruptcy Court converted the case because the Appellants materially defaulted on the Confirmed Plan by failing to sell or refinance the Property. *See* Transcript of Motion Hearing, at 14 (June 28, 2011). Appellants challenge this holding on two grounds. First, Appellants argue that the underlying NJ DEP and Wilentz claims are invalid. *Id.* at 9-25, 29-30. Second,

---

[3] Appellants are focused on Wilentz because Wilentz was the only one of Appellants' law firm creditors to receive a secured claim under the terms of the Confirmed Plan. Appellants believe that Wilentz would not have received a secured claim if Kasen had not abandoned a claim objection motion against Wilentz.

3

Appellants argue that, because the Property is held in a trust for Appellants' children, the Property is not part of the bankruptcy estate. *Id.* at 32-37.  In response, Wilentz notes that the Property is part of the Confirmed Plan. Wilentz's First Opposition Brief, at 6-7.  Additionally and without attempting to reopen the issue, NJ DEP argues that the Appellants' trust is a revocable trust and that revocable trusts are not exempted from the bankruptcy estate. NJ DEP's Opposition Brief, at 9-11.

## II. Legal Standard

In the Third Circuit, the specific guidelines for determining whether the appointment of *pro bono* counsel is warranted is two-fold. *See Tarbon v. Grace*, 6 F.3d 147, 155, 158 (3d Cir. 1993).  As a threshold matter, a court must analyze the substance and merit of an applicant's underlying claim. *Id.* at 155.  After a court has determined that the applicant's claim has merit in fact and law, the court should consider the claim against the six factors outlined by the Third Circuit in *Tarbon v. Grace*, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount that the case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; and
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tarbon*, 6 F.3d at 155-56, 157 n.5).

When determining whether the appointment of *pro bono* counsel is warranted, courts must consider the ability of an appellant to present his or her case without the assistance of

counsel. *Id.* at 156.  In making this determination, courts generally should "consider [the [appellants'] 'education, literacy, prior work experience, and prior litigation experience.'" *Id.* (quoting *Tarbon*, 6 F.3d at 156).  Courts should "also consider the difficulty of the particular legal issues, . . . the degree to which factual investigation will be required, and the ability of the indigent [appellant] to pursue investigation." *Tarbon*, 6 F.3d at 156.

In this matter, it does not appear that appointment of counsel is warranted for several reasons.  First, Mr. Kasen, a knowledgeable counsel, withdrew due to Maraseks' criticism.  The Appellants knew of the risk of being without counsel at the time. Due to the circumstances of Mr. Kasen's termination, it is difficult to find a willing subsequent attorney.  Secondly, the Maraseks have been able to present issues in this case despite the complexity of bankruptcy law.  Third, there does not appear to be any need for any expert witnesses because their dispute arises out of the facts and the facts will most likely be their own testimony which they are capable of presenting.  As such, the Maraseks may proceed on their own behalf.

**IV. Conclusion**

WHEREAS the Court received an informal application from *pro se* Appellants Jan Marasek and Joan Byron-Marasek for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) on August 26, 2011 and again on September 12, 2011, and the Court having reviewed Appellants' written submissions, and for the reasons set forth above;

**IT IS** on this 28th day of November 2011,

**ORDERED** that Plaintiff's informal application for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915 (e)(1) is **DENIED** without prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

November 28, 2011